02-11-396-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00396-CV 

 

 


 
 
 Melchor Jesus B. Acosta, M.D.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Gina Kay, Individually and as Representative of the
 Estate of Tamsey Lynora Moore, Deceased
 
 
  
 
 
 APPELLEES 
 
 


 

 

------------

 

FROM THE 48th
District Court OF Tarrant COUNTY

------------

MEMORANDUM
OPINION[1] AND
JUDGMENT

------------

 

 We
have considered the parties= AJoint
Motion To Dismiss,@ requesting that we render
judgment to effectuate their settlement agreement, abate this case until the
trial court’s proceedings to effectuate the settlement agreement are complete,
and remand this case to the trial court for rendition of judgment in accordance
with the parties’ agreement.  It is the court=s
opinion that the motion should be granted in part and denied in part.[2]  Accordingly,
without regard to the merits, we set aside the trial court=s
judgment and remand this case to the trial court for rendition of judgment in
accordance with the parties= settlement agreement.  See
Tex. R. App. P. 42.1(a)(2)(B), 43.2(d); Innovative Office Sys., Inc. v.
Johnson, 911 S.W.2d 387, 388 (Tex. 1995).  

Appellant’s
request that this appeal be joined with appellate cause number 02-11-00365-CV,
styled TRISUN Healthcare, LLC d/b/a The Plaza At Mansfield v. Gina Kay,
Individually and as Representative of the Estate of Tamsey Lynora Moore,
Deceased, is dismissed as moot.  All other requested relief is denied.

Costs
of the appeal shall be paid by appellant, for which let execution
issue.  See Tex. R. App. P. 42.1(d).

 

                                                                             PER
CURIAM

PANEL: 
DAUPHINOT,
GARDNER, and WALKER, JJ. 


 

DELIVERED: 
November 3, 2011









[1]See Tex. R. App. P. 47.4.





[2]That is, the parties
ask us to render judgment effectuating the parties= agreement and
to abate this case until the trial court’s proceedings to effectuate this
settlement agreement are complete and to remand this case to the trial
court for rendition of judgment.  See Tex. R. App. P. 42.1(a)(2)(A), (B), (C). 
Rule 42.1(a)(2), however, permits us to render judgment effectuating the parties= agreement or
to set aside the trial court=s judgment and remand the case to the trial court for
rendition of judgment in accordance with the agreement or to abate the
appeal and permit proceedings in the trial court to effectuate the agreement;
we cannot do all three or portions of all three.  See Tex. R. App. P.
42.1(a)(2)(A), (B); see also Cunningham v. Cunningham, No.
02-08-00362-CV, 2008 WL 5479677, at *1 n.2 (Tex. App.CFort Worth Oct. 30,
2008, no pet.) (mem. op.).